IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| K.S. and Z.S.,<br><br>Plaintiffs,<br><br>v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY and THE ACCENTURE LLP BENEFITS PLAN,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTNG THE PLAINTIFFS' MOTION FOR A DETERMINATION OF BENEFITS AND AN AWARD OF ATTORNEYS' FEES, PREJUDGMENT INTEREST, AND COSTS**<br><br>Case No. 1:22-cv-00004<br><br>Judge Tena Campbell<br>Magistrate Judge Dustin B. Pead |

Before the court is the Plaintiffs' motion for a determination of benefits and an award of attorneys' fees, prejudgment interest, and costs.  (ECF No. 82.)  For the reasons stated below, the court grants the Plaintiffs' motion.

**BACKGROUND**

Plaintiff K.S., the mother of Plaintiff Z.S., was a participant in Defendant the Accenture LLP Benefits Plan (the Plan) through her employer, Accenture LLP.  As a dependent of K.S., Z.S. was a beneficiary of the plan.  Z.S. received treatment from February 5, 2019, to March 8, 2020, at a Utah facility called "Elevations."

On February 06, 2019, K.S. filed a claim seeking coverage for Z.S.'s treatment at Elevations under the Plan.  Defendant Cigna Health and Life Insurance Company (Cigna), the Plan's designated claims administrator, denied coverage for Z.S.'s treatment under the Plan.

1

K.S. twice appealed Cigna's decision to deny coverage, and Cigna upheld its determination at both levels of appeal. The Plaintiffs then sued the Defendants in this court, asserting two claims: 1) a claim for the recovery of benefits under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C § 1132(a)(1)(B), and 2) a claim for a violation of the Mental Health Parity and Addiction Equity Act (MHPAEA), 29 U.S.C. § 1132(a)(3).[1]

All parties moved for summary judgment. (See Plaintiffs' Mot. Summ. J., ECF No. 40; Cigna's Mot. Summ. J., ECF No. 44; the Plan's Mot. Summ. J., ECF No. 45.) The court granted the Plaintiffs' motion in part and denied Cigna's and the Plan's motions for summary judgment. (See Order on Mots. Summ. J., July 8, 2024, ECF No. 68 at 26.) The court found that Cigna's denial of benefits was arbitrary and capricious because of procedural deficiencies. (See id. at 12–23, 26.) In particular, the court noted that Cigna failed to adequately explain the reasoning for its denial, to engage with the opinions of Z.S.'s treating physicians, and to address and engage with the Plaintiffs' arguments for coverage. (See id.) The court did not rule on the merits of Cigna's denial. (See id. at 23.) Instead, the court reversed and remanded the case to Cigna for reconsideration. (See id. at 26.)

Cigna reversed its denial of coverage for care from February 5, 2019, through October 15, 2029, and upheld its previous denial of coverage for care from October 16, 2019, through March 9, 2020. (See Joint Status Rep., ECF No. 69 at 2.) On May 15, 2025, the Plaintiffs filed a motion for a determination of benefits and an award of attorneys' fees, prejudgment interest, and costs.

---

[1] The Plaintiffs are no longer pursuing the MHPAEA claim. (See ECF No. 40 at 3 n.1.)

## ANALYSIS

### I.    Calculation of Benefits

The parties are now in agreement that the amount of benefits owed is $124,146.00.  (See Decl. Michael H. Bernstein, ECF No. 90-1 at ¶ 3; Email from Brian King to Michael H. Bernstein on June 5, 2025, ECF No. 90-2.)  The court agrees with this calculation.

### II.    Attorneys' Fees and Costs

#### a.  Appropriateness of Awarding Attorney's Fees

##### i.  Success on the merits

A district court has the discretion to award attorneys' fees and costs under 29 U.S.C. § 1132(g), ERISA's limited fee-shifting provision, "as long as the fee claimant has achieved 'some degree of success on the merits.'"  Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 245 (2010) (quoting Ruckelshaus v. Sierra Club, 463 U.S. 680, 694 (1983)).  A fee claimant need not be a prevailing party to show some degree of success on the merits.  Lightfoot v. Principal Life Ins. Co., 547 F. App'x 864, 866 (10th Cir. 2013).  However, "[a] claimant does not satisfy that requirement by achieving trivial success on the merits or a purely procedural victory, but does satisfy it if the court can fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquiry into the question whether a particular party's success was substantial or occurred on a central issue."  Hardt, 560 U.S. at 255 (citation modified).

The Plaintiffs contend that they achieved some success on the merits both because the court found Cigna's denial of coverage for Z.S.'s treatment to be arbitrary and capricious and because Cigna subsequently determined that it had wrongfully denied Z.S.'s claims from February 5 through October 15, 2019.  (See ECF No. 82 at 4–5.)  The court agrees that the court's remand order in combination with Cigna's subsequent determination of wrongful denial

3

is adequate for the court to "fairly call the outcome of the litigation some success on the merits."

Hardt, 560 U.S. at 255; see Manna v. Phillips 66 Co., 820 F. App'x 695, 702 (10th Cir. 2020)

(noting that a "plan chang[ing] benefits determination on remand" is an example of a factor

beyond a remand order that supports awarding fees).

### ii.  Five-Factor Test

Once a fee claimant shows some success on the merits, there are "five factors a district

court may consider in deciding whether to exercise its discretion to award attorney's fees and

costs in an ERISA case."  Lightfoot, 547 F. App'x at 866.  These factors include:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing
> party's ability to satisfy an award of fees; (3) whether an award of fees would
> deter others from acting under similar circumstances; (4) whether the party
> requesting fees sought to benefit all participants and beneficiaries of an ERISA
> plan or to resolve a significant legal question regarding ERISA; and (5) the
> relative merits of the parties' positions.

Cardoza v. United of Omaha Life Ins. Co., 708 F.3d 1196, 1207 (10th Cir. 2013) (citing Gordon

v. U.S. Steel Corp., 724 F.2d 106, 109 (10th Cir. 1983)).  These factors "are not required for

channeling a court's discretion when awarding fees under [ERISA]," Hardt, 560 U.S. at 255, but

a district court may consider them once a fee claimant has demonstrated some success on the

merits.  Id. at 255 n.8.

For the first factor, courts in this district have found that "the Defendants acted culpably

by applying the wrong criteria in evaluating the medical necessity of [the plaintiff's] residential

care, ignoring the opinions of [the plaintiff's] treating physicians, and proposing post hoc

rationale to justify the denial of the Plaintiffs' claims."  James F. ex rel. C.F. v. CIGNA Behav.

Health, Inc., No. 1:09-cv-70-DAK, 2011 WL 2441900, at *2 (D. Utah June 15, 2011).  In

applying the first factor in this way, courts have recognized that "parties often may not act with

malice or guilty purpose in denying claims for benefits, but nevertheless, may act in such a way

4

that is wrong or irresponsible." Theo M. v. Beacon Health Options, Inc., No. 2:19-cv-00364-JNP-DBP, 2023 WL 4826771, at *4 (D. Utah July 27, 2023) (quoting Chandhok v. Companion Life Ins. Co., 556 F. Supp. 3d 1192, 1222 (D.N.M. 2021)). As in James F. and Theo M., Cigna's failure to engage with Z.S.'s treating providers and failure to provide a rationale justifying its denial of the Plaintiffs' claims is sufficient for a finding of culpability. See James F., 2011 WL 2441900, at *2; Theo M., 2023 WL 4826771, at *4. This factor weighs in favor of awarding attorneys' fees.

"The first factor relates closely to the fifth factor—the relative merits of the parties' position." Harvey T. v. Aetna Life Ins. Co., 508 F. Supp. 3d 1088, 1103 (D. Utah 2020). The court determined that Cigna's denial was arbitrary and capricious and remanded the matter, which is sufficient to find that the "Plaintiffs have achieved relative success on the merits and this factor favors an award of attorney's fees." Theo M., 2023 WL 4826771, at *5.

The Defendants do not dispute the second factor, "the opposing party's ability to satisfy an award of fees." Cardoza, 708 F.3d at 1207 (citing Gordon, 724 F.2d at 109); (see ECF No. 90 at 14). This factor weighs in favor of awarding attorneys' fees.

The third factor, "whether an award of fees would deter others from acting under similar circumstances," Cardoza, 708 F.3d at 1207 (citing Gordon, 724 F.2d at 109), also weighs in favor of awarding attorneys' fees. See Garrett v. Principal Life Ins. Co., 557 F. App'x 734, 737 (10th Cir. 2014) (upholding the district court's award of attorneys' fees where the district court found that "an award of attorney's fees would deter other plan administrators from acting in the same manner under similar circumstances"). Indeed, "courts in the District of Utah routinely decide that an award of fees and costs is proper when the goal is to encourage claim administrators … 'to follow ERISA's minimum procedural regulations and engage in a

meaningful dialogue with claimants in the future.'" <u>Theo M.</u>, 2023 WL 4826771, at *4 (quoting

<u>Raymond M. v. Beacon Health Options, Inc.</u>, 463 F. Supp. 3d 1250, 1287 (D. Utah 2020)).

Regarding the fourth factor, there is no evidence that the Plaintiffs "sought to benefit all

participants and beneficiaries of an ERISA plan or to resolve a significant legal question

regarding ERISA." <u>Cardoza</u>, 708 F.3d at 1207 (citing <u>Gordon</u>, 724 F.2d at 109). This factor

weighs against awarding attorneys' fees. However, since the other four factors weigh in favor of

such an award, the court finds that attorneys' fees are appropriate.

### b. Billing Disputes

The amount of an award for attorneys' fees is calculated using the "hybrid lodestar"

method, which consists of "the number of hours reasonably expended on the litigation multiplied

by a reasonable hourly rate." <u>Theo M.</u>, 2023 WL 4826771, at *2 (citation omitted).

The Plaintiffs claim that Brian King, lead counsel, worked a total of 68.0 hours at a

reasonable hourly rate of $650, making the requested award for his time $44,200.00. (Decl.

Brian King, ECF No. 82-2 at ¶ 18.) The Plaintiffs also request fees for two associate attorneys

who worked on the case: Samuel M. Hall, who worked 89.1 hours at a rate of $375 per hour for a

total of $33,412.50, and Andrew Somers, who recorded 2.9 hours at a rate of $300 per hour for a

total of $870.00. (<u>Id.</u> ¶¶ 19–20.) The total for these claimed awards is $78,482.50. (<u>Id.</u> ¶ 21.)

The Defendants do not dispute the requested amounts for Mr. Hall and Mr. Somers, but

they argue for a reduction in both the billable rate and hours billed for Mr. King. (<u>See</u> Cigna's

Opp'n, ECF No. 90 at 19–23.)[2]

___

[2] The Plan incorporates by reference the Argument section of Cigna's opposition. (<u>See</u> the
Plan's Opp'n, ECF No. 94 at 1.)

### i.  Reasonable Hourly Rate

A reasonable hourly rate is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stevenson, 465 U.S. 886, 895 n.11 (1984).  "When determining whether an hourly rate is reasonable, the court may consider affidavits of counsel, non-party attorney affidavits, and the court's own knowledge." Theo M., 2023 WL 4826771, at *2 (citation omitted).

The court finds that Mr. King's proposed rate of $650 per hour is somewhat high.  No court in this district has found $650 to be a reasonable rate for Mr. King.  In light of Mr. King's skill, experience, and reputation, as well as the recent precedent from courts in this district, the court finds it appropriate to award a rate of $600 per hour.  See, e.g., Johnson v. Deseret Mut. Benefit Adm'rs, No. 2:22-cv-330-HCN-JCB, 2025 WL 2194060, at *2 (D. Utah Aug. 1, 2025) (finding $600 per hour to be a reasonable rate for Mr. King).

### ii.  Hours Billed

To justify the 68 hours billed, Mr. King provides a timesheet detailing his work.  (King Decl. at 7–10.)  The Defendants argue that the timesheet includes work that is not related to the litigation.  (See ECF No. 90 at 20.)  In particular, the Defendants contend that Mr. King's communications regarding his possible retention in this lawsuit are not compensable.  (Id. at 20–21.)  The Plaintiffs concede that the entries on Mr. King's timesheet for pre-litigation work should not be included in the fee calculation.  (ECF No. 95 at 5 n.9.)  The court therefore finds that the 2.1 hours billed by Mr. King between July 1, 2020, and July 17, 2020, should be

excluded from the award amount.[3]  (See King Decl. at 7.)  With this reduction, Mr. King may seek an award for 65.9 billed hours.

### iii.   Success of the Plaintiffs

When "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount."  Hensley v. Eckerhart, 461 U.S. 424, 436 (1983).  And "work on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved."  Id. at 435 (citation modified).  But when "the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories" such that "[m]uch of counsel's time will be devoted generally to the litigation as a whole," it is "difficult to divide the hours expended on a claim-by-claim basis," and "[s]uch a lawsuit cannot be viewed as a series of discrete claims."  Id.

The Defendants argue that the award for Mr. King's billed time should not include time spent litigating the MHPAEA claim that the Plaintiffs stopped pursuing.  However, the court finds that the Plaintiffs' MHPAEA claim and ERISA claim "involve a common core of facts" and are "based on related legal theories" and declines to reduce the billed hours amount.  See Hensley, 461 U.S. at 435.

The Defendants also urge the court to limit an award to the percentage of success the Plaintiffs achieved.  In particular, the Defendants argue that because Cigna upheld its denial of

---

[3] The Plaintiffs' concession refers to "1.5 hours on Mr. King's timesheet reflecting pre-litigation entries." (ECF No. 95 at 5 n.9.)  But the timesheet does not contain an entry for 1.5 hours during the disputed time frame.  Instead, the time sheet reports 0.7 hours spent filing a review for a potential new client on July 1, 2020; 0.9 hours spent on a conference call regarding representation with a potential new client on July 1, 2020; and 0.5 hours spent drafting a fee agreement and email to clients.  (King Decl. at 7.)  The court finds that it is appropriate to exclude the full 2.1 hours from the award amount.

Z.S.'s claims for the period of time from October 16, 2019, to March 9, 2020, the award amount should be for a percentage commensurate to "approximately 8 out of 13 months." (ECF No. 90 at 20.) But courts in this district have held that attorneys' fees need not be reduced even when the Plaintiff has merely obtained a remand of an adverse decision. See Raymond M. v. Beacon Health Options, Inc., No. 2:18-cv-00048-JNP-DAO, 2021 WL 764077, at *5 (D. Utah Feb. 26, 2021) (declining to reduce a fee award when the court reversed and remanded). The court declines to further reduce the number of billed hours. Applying the hybrid lodestar method, the total amount of attorneys' fees to be awarded for Mr. King is $39,540.00. Combined with the amounts representing the work of Mr. Hall and Mr. Somers, the total amount of attorneys' fees to be awarded is $73,822.50.

### III.   Costs

The Plaintiffs seek $400 in costs, reflecting their initial filing fee for this case. (See ECF No. 82 at 3 n.6.) "Filing fees are considered a cost under 28 U.S.C. § 1920." Theo M., 2023 WL 4826771, at *7 (listing cases). The court awards the Plaintiffs $400 in filing fees.

### IV.   Prejudgment Interest

"An award of prejudgment interest in an ERISA case is … within the district court's discretion." LaAsmar v. Phelps Dodge Corp. Life, Accidental Death & Dismemberment & Dependent Life Ins. Plan, 605 F.3d 789, 816 (10th Cir. 2010) (citation omitted). Such an award is proper when it "serves to compensate the injured party and its award is otherwise equitable." Allison v. Bank One-Denver, 289 F.3d 1223, 1243 (10th Cir. 2002), as amended on denial of reh'g (June 19, 2002) (citation omitted).

The Plaintiffs seek an award of prejudgment interest for their successful wrongful denial of benefits claims.[4]  The Defendants argue that an award of prejudgment interest in this case is inappropriate because the Plaintiffs only provide evidence of the charges that Elevations billed and no evidence of what amounts the Plaintiffs actually paid or when they paid them.  (See ECF No. 90 at 23–24; ECF No. 82-1.)  But an award of prejudgment interest is not contingent on such a showing.  See Lynn R. v. ValueOptions, No. 2:15-cv-362-RJS-PMW, 2018 WL 1737684, at *3 n.20 (D. Utah Feb. 27, 2018); see also Christianson v. Poly-America, Inc. Medical Ben. Plan, 412 F.3d 935, 941 (8th Cir. 2005) (citation modified) (awarding prejudgment interest "regardless of whether the plaintiff spent his own money, … because the defendant retained the use of the funds during the dispute").  The court finds that an award of prejudgment interest is appropriate because it would compensate the injured party and no equitable considerations preclude such an amount.

The calculation of a rate for prejudgment interest "rests firmly within the sound discretion of the trial court."  Caldwell v. Life Ins. Co. of N. Am., 287 F.3d 1276, 1287 (10th Cir. 2002) (citation omitted).  "Courts commonly look to state statutory prejudgment provisions as guidelines for a reasonable rate."  Weber v. GE Life Assur. Co., 541 F.3d 1002, 1016 (10th Cir. 2008) (citation omitted).  Utah law provides that "[u]nless the parties to a lawful written, verbal, or implied contract expressly specify a different rate of interest, the legal rate of interest for the contract, including a contract for services, a loan or forbearance of any money, goods, or services, or a claim for breach of contract is 10% per annum."  Utah Code Ann. § 15-1-1(2).  Accordingly, courts in this district have commonly applied a 10% rate.  See Charles W. v.

---

[4] The parties agree that the Plaintiffs cannot seek an award for post-October 16, 2019, benefits. (See ECF No. 95 at 8 n.13.)

Regence BlueCross BlueShield of Oregon, No. 2:17-cv-00824-TC, 2019 WL 6220060, at *2 (D. Utah Nov. 21, 2019) (listing cases).  The court finds it appropriate to award the Plaintiffs prejudgment interest at a rate of 10%.

 "[T]he Tenth Circuit has determined that prejudgment interest should run from the date the claim for benefits was first filed."  Kellogg v. Metropolitan Life Ins. Co., No. 2:06-cv-610-DAK, 2009 WL 3064748, at *1 (D. Utah Sept. 21, 2009) (citing Caldwell, 287 F.3d at 1287).  Here, the claim was filed on February 6, 2019.  The Plaintiffs are therefore entitled to prejudgment interest at a rate of 10% per year, beginning on February 6, 2019, which is $88,296.72.

## ORDER

For the foregoing reasons, the court orders as follows:

1. The amount of benefits owed is $124,146.00.

2. The Plaintiffs are awarded $88,296.72 in prejudgment interest.

3. The Plaintiffs are awarded $73,822.50 in attorneys' fees.

4. The Plaintiffs are awarded $400.00 in costs.

DATED this 17th day of March, 2026.

BY THE COURT:

Tena Campbell
Tena Campbell
United States District Judge

11